Lincoln J.
delivered the opinion of the Court. This ap *460 plication for á writ of certiorari to the Court of Sessions is grounded upon the supposed mistakes and errors of that tribunal, in accepting and recording the verdict of a iury, order- , . h . ,, , ed upon the complaint ol the present respondent, to assess damages to him by reason of his land’s being taken by the petitioners, for the use of their corporation. Two objections are urged against the proceedings before the jury ; 1st, that there was not seasonable notice to the corporation, of the time and place of empannelling the jury and hearing the parties ; and 2dly, that the jury were summoned and empan nelled by an officer who by law was incompetent to that ser vice.
Upon the first point the Court are of opinion, that the corporation, in appearing before the jury, and not requesting an adjournment, but, on the contrary, declining it when proposed by the counsel for the other party, and in afterwards proceeding upon the trial, waived any objection which they might otherwise have made to the notice. It is not intended by this opinion to decide what notice might have been required. The expression in the statute is, that it shall be seasonable. This must depend upon the situation of the party, and the circumstances of each particular case. It may not be necessary that it should extend to thirty days, as contend ed for by the counsel for the petitioners, nor, on the other hand, would it be reasonable to limit it within the short period of a few hours ; for we are satisfied the law intended no particular term of time, but only that the notice should be such, as would give the party a fit opportunity for preparation in the business to be attended to.[1] Of this the jury, before the hearing is had, may judge in the first instance, and adjourn or proceed in the trial, as they may think reasonable, and if the party should be prejudiced by their determination, he may make his objection for this cause to the acceptance of the verdict, which, in the nature of a motion for a new trial in the courts of common law, may, if supported, authorize the Sessions to send the cause to a new hearing.
The objection which goes to the competency of the officer *461 to summon and impannel the jury, is of more serious consideration. The proceedings in the case are strictly and exclusively regulated by statute, and it is not for us to question the propriety of any of the provisions upon the subject. By the statute of 1802, c. 135, § 1, it is enacted, that whenever a jury shall be ordered by the Court of General Sessions of the Peace, to hear and determine the complaint of any person aggrieved by the doings of a committee of said court, in locating a highway, &c., or in estimating damages occasioned by such location, &c., such jury shall be summoned by the sheriff of such county or his deputy ; or if he or either of his deputies be a party or interested, by a coroner of said county. The act of 1804, c. 125, § 2, defining the general powers and duties of turnpike corporations, provides, that a party aggrieved by the estimate of damages by a committee appointed pursuant to said act, may have a trial by jury according to the law making provision for the recovery of damages aris'ng from the laying out of highways. In this case it is admitted that Moses Holden, a deputy sheriff of the county, was a member of the corporation, and therefore, whether or not within the rule which requires a service by a coroner where the sheriff is a party, was nevertheless himself interested in the question to be tried by the jury. According therefore to the express direction of the statutes, the jury should have been summoned by a coroner. The case finds that they were not so summoned, but were summoned and impannelled by one Luther Clifford, a deputy sheriff of the same county; and this fact must be fatal to the whole proceedings, unless the objection was presented too late for the petitioners. It is said in argument, by the respondent’s counsel, that this matter should have been pleaded in abatement, and it is attempted to show an analogy between the case and that of the service of mesne process. But we find no resemblance in the two instances. The service of a writ is a mere executive duty. Upon the return, the party has day and opportunity in court to object to the correctness of its discharge. A departure from the requirement of law in the direction of the process, is mere matter of form. It can never affect, in the slightest degree, the interest of the party *462 in the issue of the case. By appearing and pleading to the mer>ts> he is considered as waiving any objection to the service. This might be done as well, except from a regard to t|ie pr0pr;ety of proceeding and the right of officers, in cases where no service was made, and the party should voluntarily appear. The objection in the case before us, is rather to be regarded in the light of a plea to the jurisdiction. The officer impannelling the jury exercises a judicial power. He issues, as it were, venires for the jurors, determines questions of challenge, and decides upon the competency and admissibility of witnesses. It is only when the party appears before him, that he has opportunity to object to his right by law to preside in the trial, and if the objection is then taken, it must, from the very nature of the case, be seasonable. It is not sufficient to answer, that an order of notice to show cause why a jury should not be summoned was served by the same officer. Even if such order is required by law, of which, perhaps, there should be no doubt, yet the mode of service is not prescribed. It may be by insertion in the public papers, or in any other manner which the court shall direct. Such order has never been considered as a process which is to issue under the seal of the court, and is required to be served and returned, within the' express provisions of any of the statutes of the government. But even if this were so, the ulterior proceedings are not to be affected by it. The statute provision for the summoning of the jury is totally independent of any prerequisite act by the officer. It is explicit in the direction, that when the sheriff or his deputy is a party or interested, the jury shall be summoned by a coroner, and a compliance with this positive enactment is not to be neglected, unless it clearly appears that the party has in this very particular consented to it. In the present case it is shown that the corporation objected upon the first opportunity, when they appeared before, the officer, and before the jury was impannelled. It cannot now be urged with propriety, that the bias- or interest of the officer may be presumed to be in favor of the corporation from his fellowship with one of its members, for upon whatever ground the statute might have been framed, it is obvious, that the corporation considered *463 the provision as peremptory, and were not disposed to take the chance of any advantage which a deviation from it might offer.
The argument ab inconveniently that if the objection now urged to the verdict should prevail, a party may often be defeated or delayed of the assessment of his damages, by the fact of the interest of some deputy sheriff in a town or turnpike corporation, which it may be extremely difficult to ascertain, applies with more force to the expediency of the rule than to its sound construction. The same difficulty exists in reference to the commencement of every civil action, in which a corporation is sued. The fact is only to be ascertained by inquiry. Indeed the language of the statute is too explicit and positive to admit of misconception, and with our understanding of its provisions, we are bound, when called upon, to give to them judicially their obvious effect. However much it is to be regretted, that the great expense which has been already incurred will be lost, and that much more will probably be occasioned to the parties, still it is of far more importance that the rule of law should be respected, although the fitness of its application to a particular case may not be perceived, or the precise purpose of its enactment accomplished.
It having been agreed, that the Court are to consider the case upon the facts as though they had appeared upon the return of the writ, we are all clearly of opinion, that the deputy sheriff was not authorized by law to summon and impannel the jury, and that for this cause the proceedings of the Court of Sessions, in accepting and recording the verdict, were erroneous.[1] A certiorari must therefore issue, as the only mode by which justice can be rendered in the case, and upon the return of the writ, the doings of the Sessions which respect the warrant and return of the verdict may be quashed, and the case remitted, that a new warrant may issue, and such further proceedings be had as may be proper.

 See Springer v. Bowdoinham, 7 Greenl. 442.

 See Merrill v. Berkshire, 11 Pick. 269.